

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 27, 1949

Hon. Joseph H. Mims          Opinion No. V-915.
County Attorney
Midland County               Re: Applicability to Midland
Midland, Texas                   County of H. B. No. 54,
                                 51st Leg., relative to the
                                 compensation of county ju-
Dear Sir:                        venile officers.

        You have requested an opinion as to whether
the provisions of House Bill No. 54 of the 51st Legis-
lature, relative to the compensation of county juvenile
officers, are applicable to Midland County.

        House Bill 54 provides in part:

        "The Commissioners Courts of all coun-
    ties in which Juvenile Officers or Probation
    Officers, or their assistants, are employed
    under existing laws of this State, shall fix
    the salaries to be paid such Juvenile Offi-
    cers or Probation Officers and their assist-
    ants, and provide for their expenses, without
    limitation.  Provided, that in counties where
    there is a Juvenile Board, said Board shall
    recommend the salary to be paid to such Juve-
    nile Officer or Probation Officer and their
    assistants, which salary shall be approved by
    the Commissioners Court; and provided, fur-
    ther, that no Juvenile Officer or Probation
    Officer, or their assistants, shall be paid a
    salary less than that now provided by exist-
    ing laws.  The Commissioners Court is author-
    ized in its discretion to furnish such Juve-
    nile Officers or Probation Officers an auto-
    mobile and provide an allowance for the ex-
    pense of operating the same.  The provisions
    of this Act shall not apply to those counties
    whose population exceeds one hundred and
    ninety thousand (190,000) according to the
    last or any future Federal Census."

        You state in your request that at the present
time Midland County employs no juvenile officer because

until the enactment of House Bill 54, the salary of a juvenile officer for Midland County was not sufficient to attract a competent person to fill the office.

Therefore, the question for our determination is whether the language "are employed under existing laws" limits the Act to those counties employing said officers at the effective date of the Act or applies to counties which employ juvenile officers in the future.

In Smith v. Davis, 85 Ga. 625, 11 S.E. 1024, (1890) the Supreme Court of Georgia, construing a proviso which reads: "Provided, that the provisions of this act shall not apply to cases now pending in which motions are made for new trials," stated:

"Grammatically speaking, 'are made' is the passive voice of the verb 'to make.' It may refer to past or to future time. When the reference is to past time, it signifies 'have been made;' when to future time, it signifies 'shall be made.' Whether tested by grammar, or by usage without reference to grammatical rules, the expression, 'cases now pending in which motions are made for new trials,' may be understood as 'cases now pending in which motions have been made for new trials,' or as 'cases now pending in which motions shall be made for new trials.' The phrases, 'are made,' 'are done,' 'are committed,' 'are paid,' 'are satisfied,' etc., used in the sense of 'shall be made,' shall be done,' 'shall be committed,' shall be paid,' shall be satisfied,' etc., may be found scattered up and down through the whole range of statute law. No doubt the instances of the 'shall be' sense are much more numerous in our statutes than instances of the 'have been' sense, for the reason that it is the business of the statutes to provide and prescribe for the future, not for the past."

Article 10, Vernon's Civil Statutes, provides in part as follows:

"The following rules shall govern in the construction of all civil statutory enactments: . . .

"2. The present or past tense shall include the future."

Hon. Joseph H. Mims, page 3 (V-915)

        In view of the foregoing, it is our opinion
that the words "are employed" refers to future time as
well as present or past time. This conclusion is sup-
ported by the fact that a serious question as to the
constitutionality of the Act would be raised if its pro-
visions were limited only to a designated class of coun-
ties to which all other counties would be forever barred.
The Bill contains no provision showing such was the Leg-
islature's intention.  On the contrary, it is clear that
the Legislature intended the Act to apply to all coun-
ties of 190,000 inhabitants or less who employ juvenile
officers whether at present or in the future.

        Therefore, it is our opinion, that if a juve-
nile officer is appointed in Midland County, his compen-
sation would be governed by the provisions of House Bill
54 of the 51st Legislature.

                        SUMMARY

        The compensation of any juvenile officer
employed by Midland County is governed by the
provisions of House Bill 54 of the 51st Leg-
islature, the provisions of said Act being
applicable to all counties in which juvenile
officers are employed.

                                Yours very truly,

                        ATTORNEY GENERAL OF TEXAS

                        By John Reeves
                                John Reeves
JR:mw;bh                        Assistant


                        APPROVED

                        Price Daniel
                        ATTORNEY GENERAL